IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOAN ELAINE MURRAY, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-18-3411 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and BRANDON JOSEPH CHISOLM | § |
| Defendants. | § |

**MEMORANDUM AND OPINION DENYING ALLSTATE'S MOTION FOR PARTIAL DISMISSAL AND ORDERING REMAND**

This is a Hurricane Harvey case. Joan Murray disputes her home insurer's refusal to pay what Murray believes is adequate and required for the covered losses the home sustained. She sued Allstate Vehicle and Property Insurance Company in Texas state court, alleging breach of contract, violations of the Texas Insurance Code and the Deceptive Trade Practice Act, breach of the common-law duty of good faith, and fraud. (Docket Entry No. 1, Exh. A, at 6–11). Murray also sued Brandon Chisolm, an Allstate claim adjuster who is a Texas citizen, for violations of Chapter 541 of the Texas Insurance Code and the DTPA, and for fraud, negligence, and gross negligence. (*Id.* at 11–15).

Allstate removed based on diversity jurisdiction under 28 U.S.C § 1332(a), arguing that Chisolm was improperly joined to defeat federal jurisdiction, and moved for partial dismissal of the misrepresentation and fraud claims for failure to state plausible claims under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. F. R. Civ. P. 9(b), 12(b)(6). (Docket Entries No. 1, 6).

Murray responded, arguing that she had alleged enough facts to state plausible claims against both Allstate and Chisolm and that the motion for partial dismissal should be denied. (Docket Entries No. 10, 11).

Based on the pleadings, the motions and responses, the record, and the applicable law, the court denies the motion for partial dismissal and remands this case to the 270th Judicial District Court of Harris County, Texas. The reasons are explained in detail below.

I.  **Background**

Murray had an Allstate homeowner's policy covering her home against wind and hailstorm damage. (Docket Entry No. 10 at 3). In August 2017, Hurricane Harvey's winds and rain damaged the home. Murray timely submitted a claim to Allstate for covered losses to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, the HVAC system, and interior areas of the kitchen, dining room, guest room, master closet, and the garage. (*Id.*).

In Murray's original petition filed in state court, she alleges that Allstate assigned Chisolm, an in-state adjuster, to evaluate her claim. Chisolm inspected the property and estimated the damages at $4,467.71, below the deductible. (*Id.* at 4). Murray alleges that Chisolm's damage estimates were unfair and deceptive. Chisolm found only 47 damaged items, while the third-party adjuster found 109; Chisolm estimated the damages at $4,467.71, while the third-party adjuster's evaluation was $36,645.98. (Docket Entry 1-2 at 3). Murray alleges that Chisolm had an incentive to undervalue damages to maintain his employment, and that he did so. (*Id.* at 3). Murray alleges that Chisolm knew of the deductible and misrepresented the property damage, stating that it was from wear and tear or a previous claim, in order to avoid Allstate having to pay. (*Id.* at 3–4). Murray sued Chisolm for common-law fraud, negligence, and gross negligence. (Docket Entry No.

10 at 11–13). Murray alleges that Allstate refused her demands for settlement and payment, without explanation. (*Id.* at 4).

Murray alleges that Allstate and Chisolm both violated the Texas Insurance Code and the DPTA by misrepresenting material facts relating to her insurance coverage, by committing unfair settlement practices, by failing to settle the claim promptly, by delaying and denying payment, and, as to Allstate, by breaching the contract. TEX. INS. CODE §§ 41.060, 542.056; TEX. BUS. & COM. CODE §§ 17.46(b), 17.50(a). (Docket Entry No. 10 at 9).

Allstate is an Illinois corporation. Murray and Chisolm are both Texas citizens. Allstate contends that Chisolm was improperly joined to defeat federal removal jurisdiction and asks the court to disregard Chisolm's citizenship. (Docket Entry No. 1 at 3). Allstate also moves to dismiss the misrepresentation claims against both defendants under Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 6). Murray responded, arguing that she has pleaded enough facts to state plausible claims against Chisolm and to support the misrepresentation claim against both defendants. (Docket Entry No. 10).

**II. Analysis**

Murray does not move for remand, but a federal court must ensure its subject-matter jurisdiction. *See Texas v. Tello*, 231 F. App'x 310, 311 (5th Cir. 2007) (affirming the district court's *sua sponte* remand for lack of subject-matter jurisdiction); *see also Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. LTD.*, 328 F. App'x 946, 947 (5th Cir. 2009) (a district court's remand order is unreviewable).

A defendant may remove an action to federal court only if it would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions if

the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs share the same state citizenship as any one of the defendants." *Centaurus Ashley, LP v. Lexington Ins. Co.*, 791 F. Supp. 2d 559, 563 (S.D. Tex. 2011) (quoting *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)). A court may disregard the citizenship of a party that has been improperly or fraudulently joined. *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992 (2005). The removing party bears the burden of establishing improper or fraudulent joinder, and it is a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

A party can establish improper joinder by demonstrating the "inability of the plaintiff to establish a cause of action against the non-diverse party in the state court." *Smallwood*, 385 F.3d at 573. The focus is "on the joinder," not on "the merits of the plaintiff's case." *Id.* The court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). In determining whether the plaintiff can establish a cause of action against the non-diverse party, the court may conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* The state-court petition filed when the

case is removed controls. *Bell v. Thornburg*, 743 F.3d 84, 85–86 (5th Cir. 2014) (per curiam). Murray's original petition, not her post-removal amendment, controls the analysis here.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550

5

U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).

The Fifth Circuit has cautioned "district courts against pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). "If the record reveals a reasonable basis of recovery on any single cause of action, a court must remand the entire suit to state court." *Evans v. Kawasaki Motors Corp., USA*, No. H-15-659, 2015 WL 4434073, at *2 (S.D. Tex. July 17, 2015) (citing *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004)). The sufficiency of a plaintiff's state-court petition for purposes of a removal and improper-joinder analysis is evaluated under federal pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Mastronardi v. Wells Fargo Bank*, 653 F. App'x 356, 358 (5th Cir. 2016) (the revised Texas pleading standard now tracks the federal standard). Allegations that recite a statute are not enough to show a reasonable possibility of recovery. *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (because the allegations against an insurance company and the adjusters that denied the plaintiff's claim were mere "near-verbatim recitations" of the insurance code, the plaintiff did not state a claim against the adjusters); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (same). Courts have noted that "[t]he joinder of a local claims adjuster in a [Texas] state court action against a non-citizen insurance company in any attempt to avoid federal court jurisdiction apparently has become

a popular tactic." *Gonzalez v. State Farm Lloyds*, No. 4:15-cv-305-A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015).

Murray's complaint closely tracks the language of the Texas Insurance Code and the DTPA. But she also alleges specific facts that are similar to those courts have found sufficient to state a plausible claim against the adjuster. *See, e.g., Hooper v. Allstate Tex. Lloyd's*, No.4:17-cv-2038, 2017 WL 4475931, at *4 (S.D. Tex. Oct. 6, 2017) (Ellison, J.); *Roberson v. Allstate Vehicle & Prop. Ins. Co.*, No. H-16-3256, 2017 WL 7734063, at *3 (S.D. Tex. June 20, 2017) (Hittner, J.); *Cardenas v. Great Lakes Reinsurance (U.K.) SE*, No. SA-17-CV-342-OLG, 2017 WL 5484685, at *2 (W.D. Tex. June 5, 2017); *Lugge v. Allstate File & Cas. Ins. Co.*, No. 4-16-cv-959, 2017 WL 928457, at *4–*5 (E.D. Tex. Feb. 10, 2017); *see also Martinez v. State Farm Lloyds*, No.3:16-cv-0040-M, 2016 WL 4427489 (N.D. Tex. Aug 22, 2016) (the plaintiff alleged specific facts showing that the adjuster's inspection was inadequate, including that the inspection took only 20 minutes, undervalued the cost of repairs, and omitted some of the plaintiff's damages). In these cases, as here, the allegations that the adjuster estimated damages in an amount substantially lower than the third-party adjuster; conducted an inadequate inspection; and knowingly or recklessly underestimated the losses in order to reach a result below the deductible, were sufficient.

Because the original petition states a sufficient factual basis to raise a reasonable possibility that Murray might recover against Chisolm, he is properly joined. The removal is improper and the court is without subject-matter jurisdiction. The action is remanded to the 270th Judicial District Court of Harris County, Texas. The motion for partial dismissal is not addressed, but instead left for the state court.

## III. Conclusion

This case is remanded to the 270th Judicial District Court of Harris County, Texas. Because the court lacks jurisdiction, it leaves for the state court the decision on the motion for partial dismissal.

SIGNED on October 30, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge